**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAN 2 0 2005

LUTHER D. ____
By ____
Deputy Clerk

BIANCA MCDANIEL,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY
and LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendants.

DOCKET NO. **1** 05 CV 0161

-JOF

---

## NOTICE OF REMOVAL

TO:  Clerk, State Court of Fulton County
Room TG100
185 Central Avenue, S W
Atlanta, Georgia 30303

Eric D  Miller, Esq
MILLER & MARKLE, L L P
25 Lenox Pointe
Atlanta, Georgia 30324

John L  McKinley, Jr , Esq
CARTER & ANSLEY, LLP
1180 West Peachtree Street
Suite 3000
Atlanta, Georgia 30309

YOU ARE HEREBY NOTIFIED that the case of Bianca McDaniel vs.
Allstate Insurance Company and Liberty Mutual Fire Insurance
Company, Civil Action File Number 04VS75648D, has been removed on
this date to the United States District Court for the Northern
District of Georgia, Atlanta Division, so that all proceedings in
the State Court of Fulton County, State of Georgia, will thereby

FORMS RECEIVED
Consent To US Mag ____
Pretual Instructions ____
Rule VOIR DIRE ____

be governed as provided by law.  This Removal is made pursuant to 28 U S C  1441(b), diversity of citizenship  A copy of the removal proceedings is attached hereto

This the 20 day of January, 2005

LAW OFFICE OF ALLEN & ASSOCIATES

By _____
Jeffrey F. Allendale
Georgia Bar No  442425
Attorney for Defendant,
Allstate Insurance Company

2100 Interstate North Circle, Suite 525
Atlanta, Georgia 30339
770-985-5900

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the within and foregoing **Notice of Removal** upon

Eric D. Miller, Esq.
MILLER & MARKLE, L.L.P.
23 Lenox Pointe
Atlanta, Georgia 30024

John L. McKinley, Jr., Esq.
CARTER & ANSLEY, LLP
1180 West Peachtree Street
Suite 2300
Atlanta, Georgia 30309

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This the 20 day of January, 2005.

LAW OFFICE OF ALLEN & ASSOCIATES

By _____
   James F. Bleasedale
   Federal Bar No. 442425
   Attorney for Defendant,
   Allstate Insurance Company

3100 Interstate North Circle, Suite 525
Atlanta, Georgia 30339
770-989-5300

**COPY**

GEORGIA
FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
(Civil Division)

Bianca McDaniel

_____

_____

(Plaintiff's Name and Address)
vs.

Allstate Insurance Company

c/o Dale Morris, CT Corp

1201 Peachtree St, NE
(Defendant's Name and Address)
Atlanta, GA 30361

**SUMMONS**

DO NOT WRITE IN THIS SPACE

040/80756400

FILED IN OFF

'05 DEC 15

CLERK STATE COURT
FULTON COUNTY, GEORGIA

| TYPE OF SUIT | | AMOUNT OF SUIT | |
|---|---|---|---|
| ☐ Account | Principal | $ |
| ☐ Contract | | |
| ☐ Note | Interest | $ |
| ☑ Tort | | |
| ☐ Trover | Atty Fees | $ |
| ☐ Special Lien | | |
| ☐ Foreign Judgment | Ct Costs | $ |
| ☐ Personal Injury | | |

**TO THE ABOVE NAMED—DEFENDANT:**
    You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

| (Name) | ERIC D. MILLER |
| | MILLER & MARKLE, LLP. |
| (Address) | 23 Lenox Pointe |
| | Atlanta, Georgia 30324 |
| (Phone No.) | 404 262-1955 |

an answer to the complaint which is herewith served on you, within (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action.
This ___12/15/04___

Deputy Clerk

**DEFENSE MAY BE MADE, AND JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at TG100, 185 Central Avenue, SW, (Between MLK, Jr. Drive and Mitchell Street), Atlanta, Georgia 30303.

    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the **DEFENDANT'S ANSWER MUST BE SWORN TO.**

    If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00 and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn Answer setting up the facts relied on as a defense.

SERVED: This ___21___ day of ___Dec___ /20_04_

DEPUTY MARSHAL STATE COURT OF FULTON COUNTY

(Staple to front of SERVICE COPY of complaint)

14-014-1094

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BIANCA MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) CIVIL ACTION |
| | ) FILE NO |
| ALLSTATE INSURANCE COMPANY, | ) |
| and LIBERTY MUTUAL FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Bianca McDaniel, Plaintiff in the above-styled civil action, and hereby makes

the following Complaint for Damages and shows the Court as follows

1

Plaintiff is a resident and citizen of the State of Georgia and is subject to the jurisdiction and

venue of this Court

2

Defendant Allstate Insurance Company ("Allstate") is a foreign corporation which was, at all

times relevant to this action, transacting business in the State of Georgia Defendant is subject to the

venue and jurisdiction of this Court and may be served with process through its registered agent, to

wit Dale W Morris, C T Corp , 1201 Peachtree Street, N E , Atlanta, Georgia, 30361

3

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") is a foreign

corporation which was, at all times relevant to this action, transacting business in the State of

Georgia Defendant is subject to the venue and jurisdiction of this Court and may be served with

process through its registered agent, to wit  Corporation Process Company, 180 Cherokee Street,

N E , Marietta, Georgia, 30060

4

At all times relevant to this action, Defendant Allstate was in the business of providing

Homeowner's Insurance coverage in the State of Georgia  Plaintiff, at all times relevant to this

action, was an insured under a policy of Homeowner's Insurance, policy number 09581646601/28,

written by Defendant Allstate

5

At all times relevant to this action, Defendant Liberty Mutual was in the business of providing

Automobile Insurance coverage in the State of Georgia  Plaintiff, at all times relevant to this action,

was an insured under a policy of Automobile Insurance, policy number A02-258-493613-104 3,

written by Defendant Liberty Mutual

6

At all times relevant to this action, Defendant Allstate, under the above-referenced policy of

Homeowner's Insurance, insured the premises at 4386 Cross Lane in Decatur, Georgia. Plaintiff's

home

7

At all times relevant to this action, Defendant Liberty Mutual, under the above-referenced

policy of Automobile Insurance, insured a 1997 Cadillac Deville automobile, said vehicle owned by

Plaintiff

2

8

On or about March 9, 2004, Plaintiff had caused to be parked her 1997 Cadillac Deville automobile within the garage of her home at 4386 Cross Lane, Decatur, Georgia

9

This vehicle, just prior to March 9, 2004, had undergone some mechanical work

10

On March 9, 2004, the subject vehicle, due to some defect within its engine compartment, caught fire

11

As a result of the fire, the subject vehicle was rendered a total loss

12

As a result of the fire, Plaintiff sustained damage to her home as well as to her personal property contained within her home

13

At the time of the fire, Plaintiff's policies of insurance with Allstate and with Liberty Mutual were in full force and effect

14

As a result of the losses sustained by Plaintiff, Plaintiff, pursuant to O C G A §33-4-6, made demand upon both Defendants to cover these losses Despite said demand, Defendants have refused to cover the losses sustained by Plaintiff

15

Defendants have refused to cover the loss sustained by Plaintiff and this refusal is in bad faith

3

as Plaintiff's losses are clearly covered

16

Pursuant to O C G A §33-4-6, Plaintiff is entitled to recover of Defendants the amount of

her loss, plus a 50% penalty, plus all attorney's fees incurred by Plaintiff in having to bring this action

WHEREFORE, Plaintiff prays for the following relief

(1)    The amount of the property damage sustained, as proven at trial,

(2)    A statutory penalty, pursuant to O C G A §33-4-6, in an amount equal to fifty (50%)

percent of the loss sustained,

(3)    All reasonable attorney's fees incurred by Plaintiff as a result of her efforts to pursue

recovery of the loss referenced above,

(4)    For a trial by jury, and

(5)    For any and all further relief this Honorable Court deems appropriate

MILLER & MARKLE, L.L.P.

Eric D Miller
Georgia State Bar No   506574
Attorney for Plaintiff

23 Lenox Pointe
Atlanta, Georgia 30324
(404) 262-1955

4

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BIANCA MCDANIEL,                          )
                                          )
        Plaintiff,                        )
                                          )
v                                         )        CIVIL ACTION
                                          )        FILE NO
ALLSTATE INSURANCE COMPANY,               )
and LIBERTY MUTUAL FIRE                   )
INSURANCE COMPANY,                        )
                                          )
        Defendants                        )
                                          )

## PLAINTIFF'S FIRST CONTINUING REQUESTS FOR ADMISSIONS TO DEFENDANT ALLSTATE INSURANCE COMPANY

COMES NOW, Plaintiff in the above-styled civil action, and, pursuant to O C G A § 9-11-36, hereby makes the following request for admissions to the above-referenced Defendant

1

Admit that venue and jurisdiction are proper as to Plaintiff's claims against Defendant

2

Admit that Plaintiff's action was brought within the applicable statute of limitations

3

Admit that service of process was proper as to Defendant

4

Admit that Allstate, a named Defendant above, is the proper party-Defendant in this action

5

Admit that Plaintiff was covered under Allstate's policy number 09581646601/28 at the

time the fire occurred on March 9, 2004

6

Admit that neither Plaintiff, nor anyone affiliated with Plaintiff, had any role in causing the fire which is referenced in Plaintiff's Complaint

7

Admit that Plaintiff sustained damages to its property as a result of the incident of March 9, 2004, referenced in Plaintiff's Complaint

This _7_ day of _December_, 2004

MILLER & MARKLE L.L.P.

Eric D. Miller
Georgia State Bar No. 506574
Attorney for Plaintiff

23 Lenox Pointe
Atlanta, Georgia 30324
(404) 262-1955

2

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BIANCA MCDANIEL,                              )
                                             )
        Plaintiff,                           )
                                             )
v                                            )        CIVIL ACTION
                                             )        FILE NO
ALLSTATE INSURANCE COMPANY,                  )
and LIBERTY MUTUAL FIRE                      )
INSURANCE COMPANY,                           )
                                             )
        Defendants                           )
                                             )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLSTATE INSURANCE COMPANY

COMES NOW Plaintiff in the above-styled action, and serves this Request for Production

of Documents pursuant to O C G A § 9-11-34(a), and requires Defendant to comply with said

Code Section as follows by producing and permitting counsel for Plaintiff to inspect and copy

each of the following documents

1

The original or a **Certified Copy** of all insurance policies which provided Homeowner's

Insurance coverage to Plaintiff as of the dates referenced in Plaintiff's Complaint

2

Your entire claim file relative to the Plaintiff's claim for insurance coverage in this matter

3

Any statements and reports made by you or anyone acting on your behalf relating to the

Plaintiff's claim for insurance coverage, or from any person who has knowledge of any fact or

circumstance referred to in any allegation of the Complaint, or from any expert witness who has

any knowledge or information relating to the Plaintiff's claim  **(Defendant may exclude Plaintiff's examination under oath, previously procured, from this request.)**

4

A copy of any and all documentary evidence not included in the aforementioned requests, including any documentation of Plaintiff's losses in the subject fire, which are relevant to any issue in this case which might lead to production of other evidence which is admissible

5

Any and all documents which are referenced in your responses to Plaintiffs' first continuing interrogatories

6

A copy of all documents which you receive in response to any Requests for Production of Documents you serve on third parties to this case

The aforesaid production shall be made within forty five (45) days of the receipt hereof at 10 00 a m  at the offices of the attorney representing the named Plaintiff  Defendant, in satisfaction of this obligation, may simply mail legible copies of these documents in lieu of personally producing same

This  9  day of  December , 2004

MILLER & MARKLE, L.P.

Eric D  Miller
Georgia State Bar No  506574
Attorney for Plaintiff

2

23 Lenox Pointe
Atlanta, Georgia 30324
(404) 262-1955

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BIANCA MCDANIEL, | ) |
| | ) |
|     Plaintiff. | ) |
| | ) |
| v | )   CIVIL ACTION |
| | )   FILE NO |
| ALLSTATE INSURANCE COMPANY, | ) |
| and LIBERTY MUTUAL FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendants | ) |
| | ) |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT ALLSTATE INSURANCE COMPANY

Plaintiff, pursuant to O C G A § 9-11-33, submits herewith to Defendant for Response, within forty five (45) days after service hereof, in the form provided by law, the following Interrogatories, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto

1

State the name. address, employer and telephone number of any person, including any parties who to your knowledge, information or belief

(a) was the adjuster for handling Plaintiff's claim for coverage under the subject Allstate policy,

(b) has knowledge or information of any fact, act or circumstance referred to in any allegation of this action In addition, list separately the names of every person you will use as a witness at trial

2

If any statement or report was made by you or any other person acting on or for your behalf, regarding the Plaintiff's claim for insurance coverage under the subject Allstate policy, please describe each statement or report including but not limiting your answer to the names, addresses and telephone numbers of any person by whom such statement or report was taken, the date made, the form (oral, written, recorded, etc.) of the statement, the name and address of the person or firm preparing such report and the summary of its contents

3

If you or anyone acting on your behalf, spoke to plaintiff or any agent, servant or employee of the plaintiff about any matter involved in the instant litigation, state

    (a)  the name of each such agent, servant, or employee of the plaintiff, interviewed,

    (b)  the date upon which the interview or conversation took place,

    ©)  describe each of the specific subjects or topics discussed in the conversation

4

Please describe in as much detail as possible all steps taken by Defendant in the investigation of this matter and which ultimately led to your decision to deny coverage

5

Please state whether Defendant is the entity responsible for providing Homeowner's Insurance coverage to Plaintiff, as referenced in the Complaint   If not, please state,

    (a)  the name and address of such insurer,

    (b)  the name and address of each insured under said policy,

    ©)  the policy number of each such policy.

2

6

State the name and address of each person you expect to call as an expert witness at the time of the trial   For each such witness. provide the subject matter upon which the expert is expected to testify, substance of facts and opinions to which the expert is expected to testify and a summary of the grounds and the opinions of such expert  See, O C G A  §9-11-26 (b)(4)(A)(I)

7

State the name and address of any expert who is known to you who might have any information or opinion concerning any matter which may be involved in the within lawsuit, including but not limited to any expert with whom you have discussed any matter or with whom you have consulted with respect to this case, whether or not such person is, or is not. expected to be called as a witness at trial

8

Have you, or any employees, agents, investigators, adjusters or representatives on your behalf obtained an oral or written statement with regard to any of the matters involved in this action from any person identified in your response to interrogatory number 1 above?  If so, for each statement, state the date it was made, the name. address and telephone number of the person who made it, the name, address, telephone number and occupation of each person who obtained it on your behalf (if other than you) and who has present custody of each statement or statements

9

List the names and addresses of all agents. employees, investigators, representatives  servants or others who, on your behalf, have investigated the claim for coverage made by Plaintiff

3

10

Please identify, by date, author, and intended recipient, all documents, memos, letters and notes, of any kind, which reference this claim by Plaintiff for insurance coverage

11

Please identify, by name, address, employer, and telephone number, all individuals who evaluated the Plaintiff's damages, stemming from the fire of March 9, 2004, and identify the author and date of any report or documents which were created as a result of this evaluation

This 9 day of December, 2004

MILLER & P. L.L.P.

Eric D. Miller
Georgia State Bar No 506574
Attorney for Plaintiff

23 Lenox Pointe
Atlanta, Georgia 30324
(404) 262-1955

4

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BIANCA MCDANIEL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v | )    CIVIL ACTION |
| | )    FILE NO |
| ALLSTATE INSURANCE COMPANY, | ) |
| and LIBERTY MUTUAL FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendants | ) |
| | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY

COMES NOW Plaintiff in the above-styled action, and serves this Request for Production

of Documents pursuant to O C G A  § 9-11-34(a), and requires Defendant to comply with said

Code Section as follows  by producing and permitting counsel for Plaintiff to inspect and copy

each of the following documents

1

The original or a **Certified Copy** of all insurance policies which provided Automobile

Insurance coverage to Plaintiff as of the dates referenced in Plaintiff's Complaint

2

Your entire claim file relative to the Plaintiff's claim for insurance coverage in this matter

3

Any statements and reports made by you or anyone acting on your behalf relating to the

Plaintiff's claim for insurance coverage, or from any person who has knowledge of any fact or

circumstance referred to in any allegation of the Complaint, or from any expert witness who has

any knowledge or information relating to the Plaintiff's claim **(Defendant may exclude Plaintiff's examination under oath, previously procured, from this request.)**

4

A copy of any and all documentary evidence not included in the aforementioned requests, including any documentation of Plaintiff's losses in the subject fire, which are relevant to any issue in this case which might lead to production of other evidence which is admissible

5

Any and all documents which are referenced in your responses to Plaintiff's first continuing interrogatories

6

A copy of all documents which you receive in response to any Requests for Production of Documents you serve on third parties to this case

The aforesaid production shall be made within forty five (45) days of the receipt hereof at 10 00 a m  at the offices of the attorney representing the named Plaintiff  Defendant, in satisfaction of this obligation, may simply mail legible copies of these documents in lieu of personally producing same

This _9_ day of _December_, 2004

MILLER & MARKLE, LLP.

Eric D. Miller
Georgia State Bar No  506574
Attorney for Plaintiff

2

23 Lenox Pointe
Atlanta, Georgia 30324
(404) 262-1955

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BIANCA MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) CIVIL ACTION |
| | ) FILE NO |
| ALLSTATE INSURANCE COMPANY, | ) |
| and LIBERTY MUTUAL FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants | ) |
| | ) |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT
## LIBERTY MUTUAL FIRE INSURANCE COMPANY

Plaintiff, pursuant to O C G A  § 9-11-33, submits herewith to Defendant for Response,

within forty five (45) days after service hereof, in the form provided by law, the following

Interrogatories, the same being continuing in nature, requiring a supplemental response upon the

discovery of other or further information or documents affecting your response hereto

1

State the name, address, employer and telephone number of any person, including any

parties who to your knowledge, information or belief

(a)  was the adjuster for handling Plaintiff's claim for coverage under the subject Liberty

Mutual policy,

(b)  has knowledge or information of any fact, act or circumstance referred to in any

allegation of this action   In addition, list separately the names of every person you will use as a

witness at trial

2

If any statement or report was made by you or any other person acting on or for your behalf, regarding the Plaintiff's claim for insurance coverage under the subject Liberty Mutual policy, please describe each statement or report including but not limiting your answer to the names, addresses and telephone numbers of any person by whom such statement or report was taken, the date made, the form (oral, written, recorded, etc ) of the statement, the name and address of the person or firm preparing such report and the summary of its contents

3

If you or anyone acting on your behalf, spoke to plaintiff or any agent, servant or employee of the plaintiff about any matter involved in the instant litigation, state

(a)  the name of each such agent, servant, or employee of the plaintiff, interviewed,

(b)  the date upon which the interview or conversation took place,

©)  describe each of the specific subjects or topics discussed in the conversation

4

Please describe in as much detail as possible all steps taken by Defendant in the investigation of this matter and which ultimately led to your decision to deny coverage

5

Please state whether Defendant is the entity responsible for providing Automobile Insurance coverage to Plaintiff, as referenced in the Complaint  If not, please state,

(a)  the name and address of such insurer,

(b)  the name and address of each insured under said policy,

©)  the policy number of each such policy,

2

6

State the name and address of each person you expect to call as an expert witness at the time of the trial   For each such witness, provide the subject matter upon which the expert is expected to testify, substance of facts and opinions to which the expert is expected to testify and a summary of the grounds and the opinions of such expert  See, O C G A  §9-11-26 (b)(4)(A)(I)

7

State the name and address of any expert who is known to you who might have any information or opinion concerning any matter which may be involved in the within lawsuit, including but not limited to any expert with whom you have discussed any matter or with whom you have consulted with respect to this case, whether or not such person is, or is not, expected to be called as a witness at trial

8

Have you, or any employees, agents, investigators, adjusters or representatives on your behalf obtained an oral or written statement with regard to any of the matters involved in this action from any person identified in your response to interrogatory number 1 above?  If so, for each statement, state the date it was made. the name. address and telephone number of the person who made it, the name, address, telephone number and occupation of each person who obtained it on your behalf (if other than you) and who has present custody of each statement or statements

9

List the names and addresses of all agents, employees, investigators, representatives, servants or others who, on your behalf, have investigated the claim for coverage made by Plaintiff

3

10

Please identify, by date, author, and intended recipient, all documents, memos, letters and notes, of any kind, which reference this claim by Plaintiff for insurance coverage

11

Please identify, by name, address, employer, and telephone number, all individuals who evaluated the Plaintiff's damages, stemming from the fire of March 9, 2004, and identify the author and date of any report or documents which were created as a result of this evaluation

This 9 day of _December_, 2004

MILLER & MARKLE, L.L.P.

Eric D. Miller
Georgia State Bar No 506574
Attorney for Plaintiff

23 Lenox Pointe
Atlanta, Georgia 30324
(404) 262-1955

4

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BIANCA MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | )   CIVIL ACTION |
| | )   FILE NO |
| ALLSTATE INSURANCE COMPANY, | ) |
| and LIBERTY MUTUAL FIRE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants | ) |
| | ) |

## PLAINTIFF'S FIRST CONTINUING REQUESTS FOR ADMISSIONS TO DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY

COMES NOW, Plaintiff in the above-styled civil action, and, pursuant to O C G A § 9-

11-36, hereby makes the following request for admissions to the above-referenced Defendant

1

Admit that venue and jurisdiction are proper as to Plaintiff's claims against Defendant

2

Admit that Plaintiff's action was brought within the applicable statute of limitations

3

Admit that service of process was proper as to Defendant

4

Admit that Allstate, a named Defendant above. is the proper party-Defendant in this

action

5

Admit that Plaintiff was covered under Liberty Mutual's Automobile Insurance, policy

number A02-258-493613-104-3, at the time the fire occurred on March 9, 2004

6

Admit that neither Plaintiff, nor anyone affiliated with Plaintiff, had any role in causing the fire which is referenced in Plaintiff's Complaint

7

Admit that Plaintiff sustained damages to its property as a result of the incident of March 9, 2004, referenced in Plaintiff's Complaint

This _9_ day of _December_, 2004

MILLER & MARKLE, L.L.P.

Eric D. Miller
Georgia State Bar No 506574
Attorney for Plaintiff

23 Lenox Pointe
Atlanta, Georgia 30324
(404) 262-1955

2

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BIANCA MCDANIEL,          ) | |
|        ) | |
|     Plaintiff,     ) | |
|        ) | |
| v          ) | CIVIL ACTION |
|        ) | FILE NO |
| ALLSTATE INSURANCE COMPANY,    ) | |
| and LIBERTY MUTUAL FIRE     ) | |
| INSURANCE COMPANY,     ) | |
|        ) | |
|     Defendants     ) | |
|        ) | |

**RULE 5.2 CERTIFICATE**

COMES NOW, Bianca McDaniel, Plaintiff herein and pursuant to Uniform State Court Rule 5 2 certifies that they have this day served Defendants Allstate Insurance Company and Liberty Mutual Fire Insurance Company with Plaintiff's First Continuing Interrogatories to Defendant Allstate Insurance Company, Plaintiff's Request for Production of Documents to Defendant Allstate Insurance Company, Plaintiff's Request for Admissions to Defendant Allstate Insurance Company, Plaintiff's First Continuing Interrogatories to Defendant Liberty Mutual Fire Insurance Company, Plaintiff's Request for Production of Documents to Defendant Liberty Mutual Fire Insurance Company, and Plaintiff's Request for Admissions to Defendant Liberty Mutual Fire Insurance Company

This ____ day of _____, 2004

MILLER & MARKLE, L.L.P.

_____
ERIC D MILLER
Georgia State Bar No 506574
Attorney for Plaintiff

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BIANCA MCDANIEL,

     Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
and LIBERY MUTUAL FIRE
INSURANCE COMPANY,

     Defendants.

CIVIL ACTION FILE NO.
04VS075640D

## ANSWER OF ALLSTATE INSURANCE COMPANY

COMES NOW ALLSTATE INSURANCE COMPANY (Allstate) and makes its answer by respectfully showing the Court

### FIRST DEFENSE

Plaintiff misrepresented certain material facts or circumstances, and as a result thereof, Allstate Insurance Company has no obligation to satisfy Plaintiff's claims for insurance proceeds

### SECOND DEFENSE

The fire loss claimed by the Plaintiff is the result the Plaintiff's own conduct, and as a result thereof, Allstate Insurance Company has no obligation to satisfy Plaintiff's claims for insurance proceeds

## THIRD DEFENSE

Plaintiff has made claim for certain items of personal property not owned by Plaintiff, or in excess of the coverage provided for certain items, with the result that Allstate Insurance Company has no obligation to satisfy Plaintiff's claim for insurance proceeds

## FOURTH DEFENSE

While Allstate denies each and every allegation of bad faith against it, nevertheless the Plaintiff has failed to comply with the strict mandate of O C G A  section 33-4-6 prior to filing her lawsuit, therefore, she is precluded as a matter of law from the recovery of any bad faith penalties and attorney's fees

## FIFTH DEFENSE

Further answering the allegations of the Plaintiff's Complaint for Damages, Allstate states the following

1

Upon information and belief, Allstate admits the allegations of paragraph 1 of Plaintiff's Complaint for Damages

2

Allstate admits the allegations of paragraph 2 of Plaintiff's Complaint for Damages, for further response, as Allstate is a foreign corporation, as is the other named Defendant, venue and jurisdiction properly lie in the United

States District Court for the Northern District of Georgia, Atlanta division

3

Allstate is without knowledge sufficient to enable it to admit or deny the allegations of paragraph 3 of Plaintiff's Complaint for Damages

4

Allstate admits the allegations of paragraph 4 of Plaintiff's Complaint for Damages

5

Allstate is without knowledge sufficient to enable it to admit or deny the allegations of paragraph 5 of Plaintiff's Complaint for Damages

6

Allstate admits the allegations of paragraph 6 of Plaintiff's Complaint for Damages.

7

Allstate is without knowledge sufficient to enable it to admit or deny the allegations of paragraph 3 of Plaintiff's Complaint for Damages

8

Upon information and belief, Allstate admits the allegations of paragraph 8 of Plaintiff's Complaint for Damages

9

Allstate is without knowledge sufficient to enable it to admit or deny the allegations of paragraph 9 of Plaintiff's Complaint for Damages

10

Allstate admits that on March 9, 2004 there was a fire that started in the vicinity of the engine compartment of Plaintiff's Cadillac, but denies that said fire was due to some defect within its engine compartment

11

Allstate is without knowledge sufficient to enable it to admit or deny the allegations of paragraph 11 of Plaintiff's Complaint for Damages

12

Allstate admits the allegations of paragraph 12 of Plaintiff's Complaint for Damages

13

Allstate admits the allegations of paragraph 13 of Plaintiff's Complaint for Damages as they pertain to Allstate, but Allstate is without knowledge sufficient to enable it to admit or deny said allegations as they may apply to Liberty Mutual

14

Allstate admits that Plaintiff made a demand upon it for payment of her claimed loss, and Allstate further admits that it

has not paid Plaintiff pursuant to her demand, however, Allstate denies that Plaintiff has complied with the strict mandates of O C G A  section 33-4-6

15

Allstate admits that it has not paid the loss claimed by the Plaintiff pursuant to her homeowners policy, however, Allstate denies that its actions have been in bad faith  For further response, Allstate is without specific knowledge of the actions of Liberty Mutual, but upon information and belief denies that those actions have been in bad faith

16

Allstate denies the allegations of paragraph 16 of Plaintiff's Complaint for Damages.

17

Any allegation of Plaintiff's Complaint for Damages not heretofore responded to stands denied

**WHEREFORE**, having answered the allegations of the Plaintiff's Complaint for Damages, Allstate Insurance Company prays that it be dismissed with its costs, that the Plaintiff take nothing, for judgment in its favor, and for trial by jury as to any issues remaining at the call of the case for trial

LAW OFFICE OF ALLEN & ASSOCIATES

By _____
     Jeffery R. Ragsdale
     Georgia Bar No. 442425
     Attorney for Defendant
     Allstate Insurance Company

3100 Interstate North Circle, Suite 525
Atlanta, Georgia 30339
770-989-5900
bpl.doc

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the within and foregoing **ANSWER OF ALLSTATE INSURANCE COMPANY** upon

Eric D. Miller
MILLER & MARKLE, L.L.P.
23 Lenox Pointe
Atlanta, Georgia 30324

John L. McKinley, Jr.
CARTER & ANSLEY, LLP
1180 West Peachtree Street
Suite 2300
Atlanta, Georgia 30309

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This the __20__ day of January, 2005

LAW OFFICE OF ALLEN & ASSOCIATES

By_____
      Jeffrey F. Leasendale
      Georgia Bar No. 442425
      Attorney for Defendant
      Allstate Insurance Company

3100 Interstate North Circle, Suite 525
Atlanta, Georgia 30339
770-989-5900
bpl.doc