IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BIANCA MCDANIEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1-05-CV-0161 JOF |
| ALLSTATE INSURANCE | ) | |
| COMPANY, and LIBERTY | ) | |
| MUTUAL FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

_____Defendant is properly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If

defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

Auto Finance, 5486 Old Dixie Highway, Forest Park, Georgia 30297, is the loss-payee under Liberty Mutual Fire Insurance Company's Policy No. A02-258-693613-103 3 ("the Liberty Mutual Policy").

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

First Defense

This defense is legal, rather than factual, in nature.

Second Defense

Plaintiff made numerous misrepresentations to defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") during its investigation of the alleged loss, including during her recorded interview, as related to the events surrounding the subject fire.

Third Defense

Plaintiff's alleged loss is not a covered loss under the terms of the Liberty Mutual Policy.

Fourth and Fifth Defenses

Plaintiff's claims are barred by the applicable "cooperation" clauses and other terms and conditions under the Liberty Mutual Policy, with which plaintiff has failed to comply.

Sixth Defense

Plaintiff cannot establish bad faith and, further, failed to comply with the statutory requirements of O.C.G.A. § 33-4-6 in that she filed her lawsuit less than sixty (60) days after submitting her demand for payment under said Code section.

Seventh Defense

Please see section (2), *supra*.

(4)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

(a)    Statutes.

O.C.G.A. § 33-4-6

(b)    Illustrative case law.

*Cagle v. State Farm Fire and Cas. Co.*, 236 Ga. App. 726, 512 S.E.2d 717 (1999);

*Allstate Ins. Co. v. Hamler*, 247 Ga. App. 574, 545 S.E.2d 12 (2001);

*Hurston v. Georgia Farm Bureau Mutual Ins. Co.,* 148 Ga. App. 324, 325, 250 S.E.2d 886, 888 (1978);

*Wolverine Insurance Co. v. Sorrough,* 122 Ga. App. 556, 556-57, 177 S.E.2d 819, 820  (1970); and

Other applicable Georgia statutory and common law, including as relating to bad faith and claims for insurance proceeds.

(5)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Responses to Initial Disclosures as Attachment A.)

See Attachment A.

(6)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

_____See Attachment B.

_____(7)  Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

See Attachment C.

(8)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed .R. Civ. P. 34.  (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.

Not applicable.

(9)  <u>If defendant contends that some other person or legal entity is, in whole or in part, liable to plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.</u>

<u>     </u>Not applicable.

(10)  <u>Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)</u>

If insurance benefits are payable, which is denied, they would be payable by Liberty Mutual under the Policy.

_____This 21st of February, 2005.

s/  John L. McKinley, Jr.
John L. McKinley, Jr.
Georgia Bar No. 495513

s/  Catherine Garner
Catherine Garner
Georgia Bar No.285335

Attorneys for defendant
Liberty Mutual Fire Insurance Company

CARTER & ANSLEY LLP
Suite 2300, Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 658-9220 (telephone)
(404) 658-9726 (facsimile)

## ATTACHMENT A

Mr. Alan Williams
Liberty Mutual Fire Insurance Company
P.O. Box 2721
Norcross, GA 30091-2721

Mr. Williams may testify regarding Liberty Mutual Fire Insurance

Company's investigation and claims decision. Any employees of Liberty Mutual

or related companies can be contacted through counsel for Liberty Mutual.

Mr. Everett Benton
1378 North 44th Street, Apt. 19B
East St. Louis, Illinois 62204

Ms. Marnice Alexander
1378 North 44th Street, Apt. 19B
East St. Louis, Illinois 62204

These individuals may testify regarding the events on the day of and

surrounding the fire.

David R. Gordon
Melvin K. Carter
DeKalb County Fire Department
3630 Camp Circle
Decatur, Georgia 30032.

These individuals may testify regarding the reporting and response to the

fire.

This response will be supplemented as discovery continues, to the extent required by the Federal Rules or this Court's Local Rules.

## **ATTACHMENT B**

Liberty Mutual may call one or more of the following witnesses:

Mr. William G. Dodd
156 Cotton Indian Creek Road
McDonough, Georgia 30252
(Copies of Mr. Dodd's reports are being produced with Allstate Insurance
Company's Initial Disclosures)

Mr. J.T. Morrill
Applied Technical Services, Incorporated
1190 Atlanta Industrial Drive
Marietta, Georgia 30066
(Copy of Mr. Morrill's report will be attached to the service copy mailed to
counsel of record)

These individuals may testify regarding the cause and origin of the fire.

This response will be supplemented as discovery continues, to the extent

required by the Federal Rules or this Court's Local Rules.

# <u>ATTACHMENT C</u>

The Liberty Mutual Policy;

The application for the Liberty Mutual Policy;

Examination Under Oath of Plaintiff taken on June 16, 2004 by Liberty Mutual Fire Insurance Company;

Examination Under Oath of Plaintiff taken on June 21, 2004 by Allstate Insurance Company;

Reports by investigators identified above and by plaintiff; and

Photographs of subject vehicle and house.

This response will be supplemented as discovery continues, to the extent required by the Federal Rules or this Court's Local Rules.

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2005, I electronically filed

DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S INITIAL

DISCLOSURES using the CM/ECF system which will automatically send email

notification of such filing to the following attorneys of record:

Eric D. Miller, Esq.
MILLER & MARKLE, L.L.P.
23 Lenox Pointe
Atlanta, Georgia 30324

Jeffrey F. Leasendale, Esq.
LAW OFFICE OF ALLEN & ASSOCIATES
3100 Interstate North Circle
Suite 525
Atlanta, Georgia 30339

I hereby certify that I have mailed by United States Postal Service the

documents together with all attachments, to the above attorneys of record.

This 21st day of February, 2005.

s/   John L. McKinley, Jr.
John L. McKinley, Jr.
Attorney for defendant
Liberty Mutual Fire Insurance Company

CARTER & ANSLEY LLP
Suite 2300, Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 658-9220 (telephone)
(404) 658-9726 (facsimile)