

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



BIANCA MCDANIEL,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
and LIBERY MUTUAL FIRE
INSURANCE COMPANY,

    Defendants.

CASE NO. 1-05-cv-0161-JOF

---

## DEFENDANT ALLSTATE INSURANCE COMPANY'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response

    **The Defendant is properly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention

    **None.**

3) Provide a detailed factual basis for the defense or
defenses and any counterclaims or crossclaims asserted by
defendant in the responsive pleading

Allstate contends that Plaintiff has misrepresented
facts and circumstances concerning the fire at her home and the
cause of that fire, which are material misrepresentations
voiding any obligations that Defendant may otherwise have for
payment for the fire loss.

Allstate contends that the fire which led to the claim
made by the Plaintiff was the result of her own conduct, either
by her or at her direction, thus voiding any obligations that
Defendant may otherwise have for payment for the fire loss.

Allstate contends that Plaintiff has made claim for
certain items of personal property which she does not own, or,
if she owns them, are in excess of the coverage provided for
those items; therefore, Allstate has no contractual obligation
to pay for the reported loss of those items).

Plaintiff filed her lawsuit against Allstate less than
sixty days after she sent a demand for payment, and therefore
did not comply with the strict mandate of O.C.G.A. section
33-4-6, and therefore has no viable claim for bad faith
penalties and attorney's fees.

4) Describe in detail all statutes, codes, regulations,
legal principles, standards and customs or usages, and

illustrative case law which defendant contends are applicable to
this action

**O.C.G.A. section 33-4-6.**

**Georgia common law.**

'5   Provide the name and, if known, the address and
telephone number of each individual likely to have discoverable
information that you may use to support your claims or defenses,
unless solely for impeachment, identifying the subjects of the
information  (Attach witness list to Initial Disclosures as
Attachment A '

### See Attachment A.

'6'  Provide the name of any person who may be used at trial
to present evidence under Rules 702, 703, or 705 of the Federal
Rules of Evidence  For all experts described in Fed R Civ P  26
a' (2) (B), provide a separate written report satisfying the
provisions of that rule  (Attach expert witness list and written
reports to Initial Disclosures as Attachment B '

### See Attachment B.

'7  Provide a copy of, or description by category and
location of, all documents, data compilations, and tangible
things in your possession, custody, or control that you may use
to support your claims or defenses unless solely for
impeachment, identifying the subjects of the information

'Attach document list and descriptions to Initial Disclosures as
Attachment C .

### See Attachment C.

(9) In the space provided below, provide a computation of
any category of damages claimed by you. In addition, include a
copy of, or describe by category and location of, the documents
or other evidentiary material, not privileged or protected from
disclosure on which such computation is based, including
materials bearing on the nature and extent of injuries suffered,
making such documents or evidentiary material available for
inspection and copying under Fed R Civ P .a   Attach such copies
and descriptions to Initial Disclosures as Attachment D .

### No damages are claimed by Allstate.

(9) If defendant contends that some other person or legal
entity is, in whole or in part, liable to the plaintiff  a
defendant in this matter, state the full name, address, and
telephone number of such person or entity and describe in detail
the basis of such liability

**Except for the claims being asserted by Plaintiff
against Liberty Mutual Fire Insurance Company in this lawsuit,
no such contention is made by Allstate.**

(10) Attach for inspection and copying as under
Fed R Civ P  34 any insurance agreement under which any person
carrying on an insurance business may be liable to satisfy part

or all of a judgment which may be entered in this action or to

indemnify or reimburse for payments to satisfy the judgment

(Attach copy of insurance agreement to Initial Disclosures as

Attachment E.)

**See Attachment E.**

This the 22nd day of February, 2005

LAW OFFICE OF ALLEN & ASSOCIATES

By: _____

Jeffrey W. Leasendale
Georgia Bar No. 442425
Attorney for Defendant
Allstate Insurance Company

3100 Interstate North Circle, Suite 525
Atlanta, Georgia 30339
770-989-5900

# ATTACHMENT A

**Shawn Malone**
**Allstate Insurance Company**
**Special Investigations Unit**
**3100 Interstate North Circle**
**Atlanta, Georgia  30339**
Mr. Malone will testify concerning the investigation and denial of Plaintiff's claim by Allstate Insurance Company.

**W. G. Dodd**
**156 Cotton Indian Creek Road**
**McDonough, Georgia 30252**
Mr. Dodd will testify concerning the cause and origin of the fire upon which Plaintiff bases her claim.

**David R. Gordon**
**Dekalb County Fire Department**
**3630 Camp Circle**
**Decatur, Georgia  30032**
Mr. Gordon may testify concerning the reporting to, and the response of, the Dekalb County Fire Department.

**Melvin K. Carter**
**Dekalb County Fire Department**
**3630 Camp Circle**
**Decatur, Georgia  30032**
Mr. Carter may testify concerning the reporting to, and the response of, the Dekalb County Fire Department.

**Everett Benton**
**1328 N. 44th Street, Apt. 19B**
**East St. Louis, Illinois 62204**
Mr. Benton may testify concerning the events at Plaintiff's insured property on the date of the fire upon which Plaintiff bases her claim.

**Marnese Alexander**
**1328 N. 44th Street, Apt. 19B**
**East St. Louis, Illinois 62204**
Ms. Alexander may testify concerning the events at Plaintiff's insured property on the date of the fire upon which Plaintiff bases her claim.

# ATTACHMENT B

**W.G. Dodd**
**156 Cotton Indian Creek Road**
**McDonough, Georgia 30252**

**ASSIGNMENT:** Received assignment from Donna Waters-Romero with Grotefeld & Denenberg on behalf of Allstate Insurance Company to conduct an origin and cause investigation of a fire loss located at 4386 Cross Lane, Decatur, Georgia 30025

|                |              |
|----------------|--------------|
| **INSURED:**   | Bianca McDaniel |
| **DOL:**       | 03/09/2004   |
| **CLAIM #:**   | 1484271208   |

**FINDINGS:** This investigator met with Alan Williams with Liberty Mutual Insurance Company and Jeff Morrill at Copart in Austell, Georgia to do a joint examination of the 1997 Cadillac that was in the garage of the loss location. The automobile was insured by Liberty Mutual under the name of Bianca Goodwin

Exterior examination of the vehicle revealed burn patterns indicating the fire originated at the front of the vehicle in the area of the engine compartment. Examination of the engine compartment revealed internal damage consistent with the fire originating outside of the engine compartment

A detailed examination of the mechanical and electrical components in the engine compartment did not reveal any evidence to indicate the fire originated from inside the engine compartment. All of the burn patterns found were consistent with an external fire burning into the engine compartment

At the time of the fire, the ignition switch was in the off position, and the engine was not running, thereby eliminating several potential failures with the car. The heaviest damage to the vehicle was in the front grill area. Examination of the wiring in this area did not reveal any evidence to suggest there was an electrical failure. Most of the wiring in this area is not energized unless the ignition switch is on or the light switch is on, and neither was on at the time of the fire

**CONCLUSION:** Based on the evidence found during the examination of the 1997 Cadillac, it is the opinion of this investigator that this fire did not originate from any accidental causes involving the car

W A Dodd

W G Dodd, CFI



1. View of the car as found in the garage with burn patterns indicating the fire burned from the front of the car to the rear.



2. View of the front end of the car where the heaviest damaged occurred. This photo was made as the car was being loaded to move it to Copart in Austell for further examination.



**3. Closer view of the A/C condensing coil and radiator showing damage consistent with an external fire burning inward toward the engine compartment.**



**4. Overall view of the engine compartment showing the heat damage radiating downward instead of upward indicating the fire did not originate in the engine compartment.**

5. View showing Jeff Morrill separating the wiring in the front area for examination. No evidence of any faults or failures was found in the wiring.

6. View showing the wiring separated for examination of electrical failure and none were found.



7. View showing some of the rubber and plastic components in the engine compartment still remaining which is inconsistent with a fire originating in the engine compartment.



8. View of part of the wiring harness showing the wiring still has its colored insulation intact which is inconsistent with a fire originating from a wiring failure.



9. View showing the A/C condensing coil and the radiator separated showing the burn damage was from the front of the vehicle inward which is inconsistent with a fire originating in the engine compartment.

**ASSIGNMENT:** Received assignment from Donna Waters-Romero with Grotefeld and Denenberg on behalf of Allstate Insurance Company to conduct an origin and cause investigation of a fire loss located at 4386 Cross Lane, Decatur, Georgia 30025

| | |
|---|---|
| **INSURED:** | Bianca McDaniel |
| **DOL:** | 3/9/04 |
| **CLAIM #:** | 1484271208 |

**ORIGIN:** The fire originated on the exterior of the Cadillac parked in the garage

**CAUSE:** The fire was a result of human action most probably an intentional act

**FINDINGS:** This is the final report after completing the vehicle examination and returning to the scene for a second scene evaluation

Exterior examination revealed smoke and heat patterns indicating the fire originated in the garage located on the lower left end of the house  The burn damage around the garage door was greater on the right side than the left  Inside the garage was a 1997 Cadillac

Ms McDaniel stated that when she cranked the Cadillac, it started smoking  She exited the car and called the fire department from her cell phone  Ms McDaniel indicated she had just got the car back from the repair shop  She had taken it to Beamers and Benz to have the AC repaired  Their repair estimate was around $1500, and she had the car brought back without having the repairs done  In addition to this version of how the fire started, there were also a couple of other stories that were inconsistent with an accidental fire originating from the vehicle

Examination of the garage revealed burn damage consistent with the fire originating at the vehicle that was parked on the right side of the double garage  The burn patterns indicated the fire originated in the front of the vehicle in the area of the engine compartment

Examination of the passenger compartment revealed fire damage consistent with normal fire spread from the front of the vehicle  The interior was mostly intact with surface damage to the interior surfaces  The steering column was intact and the ignition switch was in the off position  There were no keys in the switch

Examination of the engine compartment revealed the greatest damage was to the front of the engine compartment in the area of the evaporator coil for the AC and the radiator  A visual examination of the exposed components did not reveal any obvious causes for the fire to have occurred  A further detailed examination of the automobile failed to reveal any accidental causes for this fire to have occurred  A report of the vehicle examination is combined with this report

After the vehicle was removed, the area around the car was examined for potential fire causes and none were found  An extension cord was found on the floor in the area of the vehicle, and it was examined and ruled out as the fire cause

**CONCLUSION:** Based on the evidence found during the scene examination and the examination of the Cadillac, it is the opinion of this investigator that this fire was an intentional act by setting the 1997 Cadillac on fire

W G Dodd, CFI



**1. Front view of loss showing burn patterns around the garage door on the left side of the house.**



2. View of debris that had been removed from the garage by the fire department during overhaul of the fire scene. Also note in the oval circle, there is a roll of garden hose that was connected to an outside faucet. This could have easily been used to control a fire in the engine compartment of the Cadillac. No attempt was made to use this hose.



3. View of the area of origin showing burn patterns on the Cadillac indicating the fire originated in the area of the engine compartment and spread toward the passenger compartment. The greatest damage is at the very front of the car.



4. View of the underside of the hood showing burn damage consistent with the fire originating at the front of the vehicle.



5. The burn patterns found in the engine compartment were consistent with external fire damaging the top components of the engine.



6.  View of the ignition switch showing it in the off position and no key in it. This indicates the vehicle was not running at the time of the fire.



7. View inside the front passenger section showing fire damage consistent with normal fire spread from the engine compartment.



**8. View of the rear passenger compartment showing fire patterns consistent with normal fire spread from the front of the vehicle.**



9. View of the area where the Cadillac was parked at the time of the fire. After the floor was washed down, the only discernable patterns found on the concrete were at the very front of the car. The patterns found were consistent with flammable or combustible liquids burning on concrete; but it could not be determined if the liquids were from an external source of the vehicle.



**10.** View of the floor area at the front of the car showing patterns consistent with a flammable or combustible liquid burning. This also shows the extension cord that was found at the front of the car that was examined and eliminated as the fire cause.



11. View showing some of the melted plastic from the car back in place. The burning plastic falling onto the extension cord caused the damage to the extension cord.



**12.  Overall view of the area of origin that was examined for potential accidental fire causes and none were found.**

# ATTACHMENT C

1.  Copy of applicable insurance policy.

2.  Examination Under Oath of Plaintiff.

3.  Sworn Statement in Proof of Loss submitted by Plaintiff.

4.  Contents Inventory Form submitted by Plaintiff.

5.  Report on subject fire by Dekalb Fire Department.

6.  Cause and origin reports of W.G. Dodd, with photographs.

# ATTACHMENT E

A copy of the Policy issued by Allstate Insurance Company follows this Attachment

National Support Center
**Allstate Insurance Company**
1819 Electric Road S W
Roanoke, VA 24018-1618
Bus  (540) 989-2200


**Allstate.**
You're in good hands

Claim# 148427120 8

To Whom It May Concern

I, Rene' Sine, employee of Allstate Insurance Company,

Roanoke, Virginia, do certify that the enclosed is a copy of Policy Number

095816466 , in the name Diana DeDaniel

_____ ,

showing the coverages that were on the policy at the time of loss of 3/9/04

                              Rene Sine
                              Claim Support


State of Virginia, County of Roanoke

On this  31st  day of  January , 2005 , before me

personally appeared Rene' Sine to me known to be the person who executed

the foregoing instrument and acknowledged that she executed the same as a free act

and deed

                              Coleen Conley
                              Notary Public

My Commission Expires

*Vanessa Chancey*
*2351 South Cobb Dr*
*Smyrna GA 30080*



**Your Quick Insurance Check**

✓ Verify the information listed in the Policy Declarations

✓ Please call if you have any questions

✓ File this package safely away

✓ Watch the mail for your bill it will arrive soon

Bianca McDaniel
4386 Cross Lane
Decatur GA 30035 2141

**It's time to renew your policy with Allstate**

Thank you for choosing us for your insurance protection I'm glad to have the opportunity to provide you with protection and service This policy renewal offer contains your renewal documents, including the Policy Declarations, which lists your coverages limits, premium, and any discounts you're receiving As you may already know your bill will arrive soon in a separate mailing

We'd like to remind you that our goal is to give you the fastest, most efficient and most convenient service possible That's why Allstate makes it easy to get in touch Any time of the day or night you can call the Allstate Customer Information Center at 1-800-ALLSTATE (1-800-255-7828)

Thanks again—I truly appreciate your business If you have any questions about the information in this mailing or if there's anything about your insurance you would like to discuss, please contact me at (678) 305-1066---or call the Allstate Customer Information Center at 1-800-ALLSTATE (1-800-255-7828)

Sincerely,

*Vanessa Casanova Chancey*

Vanessa Chancey
Your Allstate Agent

## Allstate Insurance Company

**RENEWAL**

# Deluxe Plus Homeowners Policy Declarations

## *Summary*

| | | |
|---|---|---|
| **NAMED INSURED(S)** | **YOUR ALLSTATE AGENT IS** | **CONTACT YOUR AGENT AT** |
| Bianca McDanie | Vanessa Chancey | (678) 305 1066 |
| 4386 Cross Lane | 2351 South Cobb Dr | |
| Decatur GA 30035 2141 | Smyrna GA 30080 | |

| | | |
|---|---|---|
| **POLICY NUMBER** | **POLICY PERIOD** | **PREMIUM PERIOD** |
| 0 95 816466 01/28 | Begins on Jan 28 2004 | Jan 28 2004 to Jan 28 2005 |
| | at 12 01 A M standard time | at 12 01 A M standard time |
| | with no fixed date of expiration | |

**LOCATION OF PROPERTY INSURED**
4386 Cross Lane  Decatur GA 30035 2141

**MORTGAGEE**
- FIRST HORIZON HOME LOAN CORPORATION ITS SUCCESSORS
  &/OR ASSIGNS
  P C Box 7481       Springfield OH 45501-7481                *Loan # 0010792364*

## *Total Premium for the Premium Period*  *(Your bill will be mailed separately)*

| | |
|---|---|
| Premium for Property Insured | $583 00 |
| **TOTAL** | **$583 00** |

PRP  010021009121002013069102



# Allstate Insurance Company

Policy Number  0 95 816466 01/28    Your Agent  **Vanessa Chancey (678) 905-1066**
For Premium Period Beginning  **Jan 28, 2004**

## Your Policy Documents

Your Homeowners policy consists of this Policy Declarations and the documents listed below  Please keep these together

- Deluxe Plus Homeowners Policy form AP3                Georgia Amendatory Endorsement form AP105
  Deluxe Plus Homeowners Amendatory End form AP3267        - Amendment of Policy Provisions form AP466 1

## Important Payment and Coverage Information

Coverage A   Dwelling Protection includes an approximate increase   of $8,000      due to the property insurance
adjustment provision using the Boeckh Publications building cost index   Coverage C - Personal Property Protection adjusted
accordingly

Do not pay   Mortgagee has been billed

IN WITNESS WHEREOF, **Allstate** has caused this policy to be signed by two of its officers at Northbrook,
Illinois, and if required by state law, this policy shall not be binding unless countersigned on the Policy
Declarations by an authorized agent of **Allstate**

Edward M. Liddy
President

Robert W Pike
Secretary

# Allstate Insurance Company

Policy Number   0 95 815466 01/28     Your Agent   **Vanessa Chancey  (578) 305-1066**
For Premium Period Beginning  Jan 28, 2004

# Important Notice

## *Allstate's Privacy Policy*

At Allstate, we value you as a customer and share your concerns about privacy. To help you understand how we treat the nonpublic personal information ("customer information") that we obtain from you or other sources in the course of providing you with products and services, this notice describes our use and protection of that information.

Whether you're doing business with us through your local agent or broker, our Customer Information Center or allstate.com, we want you to know that Allstate respects your privacy and protects your information.

- We do not sell customer information.
- We do not share your customer information with persons, companies, or organizations outside of Allstate that would use that information to contact you about their own products and services.
- We expect persons or organizations that provide services on our behalf to keep customer information confidential and to use it only to provide the services we've asked them to perform.
- Within Allstate, we communicate to our employees regarding the need to protect customer information, and we've established physical, electronic, and procedural safeguards to protect customer information.

Below we've provided answers to questions that might be on your mind regarding privacy. You may be wondering:

#### What do we do with your customer information?
Allstate does not sell your customer information or medical information to anyone. Nor do we share it with companies or organizations outside of Allstate that would use that information to contact you about their own products and services. If that practice were ever to change, we would of course offer you the ability to opt out of this type of information sharing, and we would offer you the opportunity, with time for you to respond, before the change in our practice took place.

Your agent or broker may use customer information to help you with your overall insurance program. We may also communicate with you about products, features, and options you have expressed an interest in or that we believe may be of interest to you. We may, without authorization but only as permitted or required by law, provide customer information to persons or organizations both inside and outside of Allstate to fulfill a transaction you have requested; service your policy; market our products to you; investigate or handle a claim; detect or prevent fraud; participate in insurance support organizations; or comply with lawful requests from regulatory and law enforcement authorities. These persons or organizations may include: our affiliated companies; companies that perform marketing services on our behalf; other financial institutions with which we have a joint marketing agreement for the sale of our own products, and your agent or broker.

#### What kind of customer information do we have, and where did we get it?
Much of the customer information that we have about you comes directly from you. When submitting your application or request for insurance or other products and services we offer, or requesting an insurance quote, you may give us information such as your name, address, and Social Security number. We keep information about your transactions with our affiliates, others or us—for example, the types of products and services you purchase from us, premiums, account balances, and payment history.



# Allstate Insurance Company

Policy Number **0 95 815466 01/28**    Your Agent    **Vanessa Chancey (678) 305-1066**
For Premium Period Beginning **Jan 28, 2004**

# Important Notice

## *Important Information About Your Allstate Policy*

The enclosed Policy Declarations lists important information about your policy  such as your address, the location of the insured property, the coverages and coverage limits you've chosen, and mortgagee information, if applicable  Your Policy Declarations also lists any discounts and surcharges applied to your policy

Because much of the information found on your Policy Declarations is used to help us determine your premium, please be sure to review your Policy Declarations carefully each time you receive one  You may want to add coverage, delete coverage or change your coverage limits — or you may want to update coverage on valuable personal items, such as jewelry or artwork

Another thing to keep in mind is that you may now qualify for discounts that you previously were not eligible to receive  For instance  in many states, Allstate offers discounts for

- policyholders who are 55 years of age or older and who are no longer working,
- homes that contain smoke detectors and other protective devices, and
- policyholders who insure both their homes and autos with Allstate

Please contact your Allstate representative for additional information about discount qualifications, as well as other discounts that may be available

### *Making changes to your policy*

If you need to make a change to any of the information listed on your Policy Declarations, please notify your Allstate representative of the change as soon as possible  With a few exceptions  **any changes will be effective as of the date you notify us**

If you have any questions about this notice, or if you need to update any of the information listed on the enclosed Policy Declarations, please contact your Allstate agent or our Customer Information Center at 1-800-ALLSTATE (1-800-255-7828)

**X67106**



# Allstate Insurance Company

Policy Number  0 95 815466 01/28      Your Agent    **Vanessa Chancey  (678) 305-1066**
For Premium Period Beginning  Jan  28  2004

## Information about Scheduled Personal Property Coverage

### Protection for your valuables

Allstate offers Scheduled Personal Property (SPP) coverage to help protect your valuables

These items can include jewelry (such as engagement and wedding rings), fine art and musical instruments
Sports equipment, such as golf clubs, can also be covered by SPP

In addition, SPP can cover valuables stored outside of your home in a safe deposit box or bank  And if you work
from home and use computer or audio-visual equipment for business purposes, SPP can cover these items as
well

### Already have SPP?

Even if you currently have SPP coverage, it's a good idea to review your coverage annually  It s possible that the
value of your property has changed or that you have purchased new items that have not been added to your
coverage

### Affordable coverage

The cost of SPP coverage varies, but the value of your property is the best way to determine how much coverage
you need — the rates are generally a small percentage of the total value of the items you're insuring  This could
mean that your valuables are being protected for only a fraction of the cost

To learn more about SPP coverage, or if you have any questions about your insurance policy in general, contact
your Allstate representative, or visit us at *allstate com*

*Subject to availability and qualifications  Other terms  conditions and exclusions may apply*

**X67372**

**Page 2**

PROF  51800122-1210503135660696


# Allstate Insurance Company

Policy Number **0 95 816466 01/28** Your Agent **Vanessa Chancey (678) 305 1066**
For Prem um Period Beginning **Jan 28, 2004**

# Important Notice

### Changes Have Been Made To Your Allstate Policy

The enclosed endorsement titled Georgia Amendatory Endorsement—AP3267 amends your Allstate Deluxe Plus
Homeowners policy

Please note that while this Important Notice highlights significant changes being made to your policy, it is not a
part of your policy   For more detailed information about your insurance coverage, please carefully read the
Georgia Amendatory Endorsement—AP3267 along with all other policy information including the enclosed
Policy Declarations

#### General Provisions

Under the General Provisions section, we have added provisions titled **"What Law Will Apply"** and **"Where
Lawsuits May Be Brought "** These provisions specify that, subject to limited stated exceptions, claims or
disputes related to the policy will be governed by the laws of Georgia, and lawsuits in any way related to the
policy will be brought, heard, and decided only in a state or federal court located in Georgia

#### Section I—Your Property, Additional Protection

Under **Additional Protection**, the **Trees, Shrubs, Plants and Lawns** provision has been amended to specify that
we will pay up to 5% of the limit of liability shown on the Policy Declarations under **Coverage A—Dwelling
Protection**  The wording 'up to an additional 5%' has been removed

Under the **Building Codes** provision, please note that the amount of insurance provided by this endorsement is
a separate limit of liability and is the maximum that Allstate will pay for any one loss  Also, coverage only applies
to that portion of the dwelling that is damaged due to a covered loss

The **Collapse** provision has been amended   The term collapse, as used in your policy, refers to a building
structure actually falling down, falling into pieces, or otherwise losing its original constructed form  Collapse
does not include settling, cracking, shrinking, bulging, expansion, sagging, or bowing  Furthermore, collapse
does not include or mean substantial structural impairment or imminent collapse  Also, the term sudden as used
in this provision, means unexpected and instantaneous  Please note this protection does not change the limit of
liability that applies to your covered property

If you have any questions regarding this Notice or your insurance policy in general, please contact your Allstate
representative

**XC850**



## Allstate Insurance Company

Policy Number   0 95 816466 01/28      Your Agent      Vanessa Chancey  (678) 305-1066
For Premium Period Beginning   Jan  28, 2004

# Policy Endorsement
*The following endorsement changes your policy  Please read this document carefully and keep it with your policy*

## Georgia
## Deluxe Plus Homeowners
## Amendatory Endorsement — AP3267

I      In the **General** section, the following provisions are added

### What Law Will Apply
This policy is issued in accordance with the laws of Georgia and covers property or risks principally located in Georgia  Subject to the following paragraph, the laws of Georgia shall govern any and all claims or disputes in any way related to this policy

If a covered loss, or any other occurrence for which coverage applies under this policy, happens outside Georgia, claims or disputes regarding that covered loss or any other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this

### Where Lawsuits May Be Brought
Subject to the following two paragraphs, any and all lawsuits in any way related to this policy, shall be brought  heard and decided only in a state or federal court located in Georgia  Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy, or otherwise related to this policy, shall be brought, heard and decided only in a state or federal court located in Georgia, provided that such persons are subject to or consent to suit in the courts specified in this paragraph

If a covered loss, or any other occurrence for which coverage applies under this policy, happens outside Georgia, lawsuits regarding that covered loss or any other covered occurrence may also be brought in the judicial district where that covered loss or any other covered occurrence happened

Nothing in this provision, **Where Lawsuits May Be Brought**, shall impair any party s right to remove a state court lawsuit to a federal court

II     In **Section I—Your Property**, under **Additional Protection**, the following changes are made

1      The **Trees, Shrubs, Plants and Lawns** provision is replaced by the following

7      We will pay up to 5% of the limit of liability shown on the Policy Declarations under **Coverage A—Dwelling Protection** for loss to trees, shrubs, plants and lawns at the address of the **residence premises**  We will not pay more than $500 for any one tree, shrub, or plant including expenses incurred for removing debris  This coverage applies only to direct physical loss caused by fire or lightning, explosion, riot or civil commotion  aircraft, vehicles not owned by an occupant



**Page 1**

# Allstate Insurance Company

Policy Number  **0 95 816466 01/28**    Your Agent    **Vanessa Chancey  (678) 305-1066**
For Premium Period Beginning  **Jan  28  2004**

Sudden, as used herein, means not only unexpected, but also instantaneous

This protection does not change the limit of liability that applies to the covered property

All other policy terms and conditions apply



# Policy Endorsement

*The following endorsement changes your policy  Please read this document carefully and keep it with your policy.*

*This Endorsement Changes Your Policy — Keep It With Your Policy*

## Georgia Amendatory Endorsement — AP105

1    The "Cancellation" provision of the policy is replaced by the following

**Cancellation**
**Your Right to Cancel**
You may cancel this policy by notifying **us** of the future date **you** wish to stop coverage

**Our Right to Cancel**
Allstate may cancel this policy by mailing notice to you at the mailing address shown on the Policy Declarations  When this policy has been in effect for less than 60 days, and it is not a renewal with **us**, we may cancel this policy for any reason by giving **you** at least 10 days notice before the cancellation takes effect

When this policy has been in effect for 60 days or more, or if it is a renewal with **us**, we may cancel this policy for one or more of the following reasons
1)    Non-payment of premium,

2)    the policy was obtained by misrepresentation, fraud or concealment of material facts,

3)    material misrepresentation, fraud or concealment of material facts in presenting a claim, or violation of any of the policy terms, or

4)    there has been a substantial change or increase in hazard in the risk we originally accepted

If the cancellation is for non-payment of premium, we will give **you** at least 10 days notice  If the cancellation is for either of the other reasons, we will give **you** at least 30 days notice

Our mailing the notice of cancellation to **you** by first class mail will be deemed to be proof of notice  Coverage under this policy will terminate on the effective date and hour stated on the cancellation notice  Delivery of the notice by us shall be equivalent to mailing  **Your** return premium, if any, will be calculated on a pro rata basis and refunded on or before the cancellation date, or if an audit or rate investigation is required within 30 days after the conclusion of the audit or rate investigation  However, refund of unearned premium is not a condition of cancellation

(4/93)

4   In **Section I — Your Property** under the "**Limitations On Certain Personal Property**" provision, item 8 of the Standard Homeowners Policy and Standard Select Value Homeowners Policy and item 11 of the Deluxe Homeowners Policy, Deluxe Select Value Homeowners Policy, Renters Policy and Condominium Owners Policy are replaced with the following

    8   $1,000 — Theft of firearms  Firearms will include guns, holsters and scopes

    11  $2,000 — Theft of firearms  Firearms will include guns, holsters and scopes

5   In **Section I — Your Property** under the "**Limitations On Certain Personal Property**" provision, item 11 of the Deluxe Plus Homeowners Policy is replaced with the following

    11  $3,000 — Theft of firearms  Firearms will include guns, holsters and scopes

6   In **Section I — Your Property** of the Deluxe Homeowners Policy, Deluxe Plus Homeowners Policy and Deluxe Select Value Homeowners Policy, the following replaces item 2 under the "**Losses We Cover Under Coverage C**" provision and item 2 of the Standard Homeowners Policy and Standard Select Value Homeowners Policy under the "**Losses We Cover Under Coverages A, B, and C**" provision

    2   Windstorm or Hail

       We do not cover
       a)  loss to covered property inside a **building structure**, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening,
       b)  loss to watercraft and their trailers, furnishings, equipment and motors unless inside a fully enclosed **building structure**  However, we do cover canoes and rowboats on the **residence premises**,
       c)  loss to the following property
          1)  cloth awnings and their frames,
          2)  fences,
          3)  seawalls, property lines and similar walls,
          4)  greenhouses, hothouses, slathouses, trellises, pergolas, cabanas and outdoor equipment pertaining to service the **residence premises**, or
          5)  wharves, docks, piers, boathouses, bulkheads, or other structures located over or partially over water  Other property in or on these structures is not covered for loss by windstorm or hail

7   In **Section I — Your Property** of the Deluxe Homeowners Policy, Deluxe Plus Homeowners Policy, Deluxe Select Value Homeowners Policy and Renters Policy the following replaces items 13, 14 and 15 under the "**Losses We Do Not Cover Under Coverage C**" provision

    13  We do not cover loss to covered property described in **Coverage C — Personal Property Protection** caused by or consisting of any of the following  However, any ensuing loss to covered property described in "**Losses We Do Not Cover Under Coverage C**" not excluded or excepted in this policy is covered

b) acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body,

c) faulty, inadequate or defective

 1) planning, zoning, developing, surveying, siting
 2) designing, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction,
 3) materials used in repair, construction, renovation or remodeling, or
 4) maintenance

of part or all of any property whether on or off the residence premises

10 In Section II — Family Liability and Guest Medical Protection, the following replaces item 1 under the "Losses We Do Not Cover Under Coverage X" and "Losses We Do Not Cover Under Coverage Y" provisions

Losses We Do Not Cover

1 We do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional act or acts or omissions of, any **insured person**, which are crimes pursuant to the Georgia Criminal Code However, this exclusion shall not apply if such act or omission was for the preservation of life or property This exclusion applies even if

 a) such **insured person** lacks the mental capacity to appreciate the criminal nature or wrongfulness of the act or omission or to conform his or her conduct to the requirements of the law or to form the necessary intent under the law,
 b) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected, or
 c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected

This exclusions applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime

11 In Section II — Family Liability and Guest Medical Protection, the following replaces item 9 under the "Losses We Do Not Cover Under Coverage X" provision

9 We do not cover any **property damage** consisting of or caused by vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants

We do cover **property damage** which results from such discharge if the discharge is sudden and accidental

12 In Section II — Family Liability and Guest Medical Protection, the following replaces item 10 under the "Losses We Do Not Cover Under Coverage X" provision

10 We do not cover any **bodily injury** or **property damage** arising out of any liability statutorily imposed upon any **insured person** in any manner, consisting of or caused by vapors, fumes, acids,

Page 5

# Policy Endorsement

*The following endorsement changes your policy  Please read this document carefully and keep it with your policy*

This Endorsement Changes Your Policy — Keep It With Your Policy

## Amendment Of Policy Provisions — AP466-1

1   It's agreed that the following changes are made to the General Provisions

   A   The following provision is added

   Conditional Reinstatement
   If we mail a cancellation notice because you didn t pay the required premium when due and you then tender payment by check, draft, or other remittance which is not honored upon presentation, your policy will terminate on the date and time shown on the cancellation notice and any notice we issue which waives the cancellation or reinstates coverage is void  This means that Allstate will not be liable under this policy for claims or damages after the date and time indicated on the cancellation notice

   B.   The following provision is added

   Charge For Insufficient Funds Or Closed Account
   If at any time, your payment of any premium amount due is made by check, electronic transaction or other remittance which is not honored because of insufficient funds or a closed account, you will be charged a fee

All other terms and conditions of the policy apply

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing Defendant's Initial Disclosures upon

Eric D. Miller, Esq
MILLER & MARKLE, L.L.P.
25 Lenox Pointe
Atlanta, Georgia 30324

John D. McKinley, Jr., Esq.
ARTER & ANSLEY, LLP
1180 West Peachtree Street
Suite 2300
Atlanta, Georgia

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery

This the 22nd day of February, 2005

LAW OFFICE OF ALLEN & ASSOCIATES

By: _____

1100 Interstate North Circle, Suite 515
Atlanta, Georgia 30339
770-989-3900